Mr. Justice WAYNE
delivered the opinion of the court.
The dates in this case show that at the time Gallup’s suit was brought there was no case pending in the Federal court, respecting .tbe goods, which' had been attached under that court’s process, .on attachment. On the 18th of June, I860,' before a jury was sworn in the case, it was dismissed as to Gear, the marshal. On that day a jury was sworn, and on the 20th of the month they rUurned a verdict for Gallup, with interest and costs. In fact, it becomes plain that the defendants' did not then consider that there was any necessary connection between Gallup’s complaint and themselves on account of the seizure and sale of the former’s goods under the process of the Federal court; for . on the trial of the cause, before any proof had been given that there had been a suit in the Federal court from which an attachment had been issued, or that the goods of Gallup had been seized and sold under its process, and after the defendants had examined witnesses and Gallup had rested Ms case upomihat testimony, the defendants moved to dismiss Gallup’s complaint as to all of .them conjointly, and for each of them separately, on the ground that the defence of Allis in his answer was not. denied in the>reply as to the defendants, Derby & Day and Allis, or on the part of them separately* and because there was no evidence to connect them with the taking of the goods. The motion was refused; the defendants excepting to the decision of it.' And then the defendants introduced as a witness the clerk of the- Federal court;. and he, to use the languagé'of the record, proved substantially the suit .in the Federal court of Derby & Day against Griggs, and the defendants regarded the sale by Griggs to Gallup as fraudulent. In no part of the record does it appear that the authority of Gear, as marshal, to take the goods, was drawn in question. ■ Nor is it to he inferred from any pleading by the *106 defendants. The facts are, that, from the return of the execution satisfied, the Federal court had no control over the parties. The case between the plaintiffs in error against Griggs had been decided, the money made on the execution, and the debt paid.
Upon the facts of the case, as they appear in the record, we have determined that no one of the questions described in the 28th section of the Judiciary Act necessarily arose or was decided by the Supreme Court of Minnesota. "We think it unnecessary to particularize such decided questions as will give jurisdiction to this court under that act. ¥e therefore dismiss the ,writ of error to the Supreme Court of Minnesota.
Dismissal accordingly.