HOOTMAN, respondent, *v.* BRAY, appellant.

PLEADING. Before an attaching creditor can assail the title of a third party in possession of the attached property, claiming ownership, the pleadings must show that the attachment was issued by a court having jurisdiction, and upon a proper and sufficient affidavit. The want of such showing is a fatal defect, and the refusal of the court below to allow the filing of such a pleading, after the evidence had been submitted to the court, was no error.

*Appeal from Second District, Beaver Head County.*

C. W. TURNER, for appellant.

Defendant should have been allowed to file his amended answer, in furtherance of justice, on proper terms. Code of Civ. Proc., 1877, § 114; *Kirstein* v. *Madden,* 38 Cal. 163; *Thomas* v. *Nelson,* 69 N. Y. 119; *Wormall* v. *Reins,* 1 Mon. 630; *Hartley* v. *Preston,* 2 id. 415.

Defendant's application for a new trial, on the ground of newly-discovered evidence, was in accordance with established principles.

The court erred in refusing testimony offered by defendants to show that vendor claimed title in himself down to the time of the attachment. 1 Greenl. Ev., § 462.

PATRICK TALENT, for respondent.

Questions of discretion of the court below cannot be reviewed in the supreme court, except in cases of gross abuse. *Speck* v. *Hoyt,* 3 Cal. 413; 5 id. 85.

Amendments after trial are allowed with great caution, and not without good cause shown. Van Santv. Pl. 814.

Defendant did not bring himself within the rule established by former decisions of this court.

Neither the proof nor the pleadings of defendant placed him in condition to assail the title of plaintiff. *Thornburgh* v. *Hand,* 7 Cal. 554.

The proposed amendment was not based upon any evidence given on the trial, but was a separate and distinct defense not allowed by any rules of pleading. Van Santv. Pl. 811–12.

There was abundant evidence to support the judgment, and courts will not set aside a judgment in such cases. *Kile* v. *Tubbs,* 32 Cal. 333.

A vendor is not a competent witness to impeach a sale made by himself. *Howe* v. *Scannell,* 8 Cal. 325; 13 id. 58; 15 id. 50.

Even the amended pleadings that defendant sought to file are fatally defective. Before an officer can seize property in possession of a stranger to the writ, he must plead specially in justification of such act all facts necessary to support the writ. *Van Etten* v. *Hurst et al.,* 6 Hill, 311; *Noble et al.* v. *Holmes,* 5 id. 195.

The pleading offered as amended contains no averment that an affidavit was made to justify the issuance of attachment. 7 Cal. 554.

WADE, C. J. In this action the plaintiff seeks to recover the possession, as owner thereof, of certain personal property seized in attachment, by the sheriff of Beaver Head county, at the suit of Thomas and Armstrong, partners, against one Ephraim W. Sigsbee. The answer of the defendant denies the ownership and possession of plaintiff, and alleges that his interest in the property is that of a mortgagee by virtue of a certain mortgage executed by Sigsbee and wife to him on the 10th day of September, 1877, to secure the payment of a promissory note executed and delivered by Sigsbee to plaintiff on that day, for the sum of $1,387, and that the attachment was levied upon the property subject to such mortgage.

The replication of the plaintiff admits the levy of the attachment, and the execution and delivery of the mortgage as alleged, but denies that the same had any force or effect, for the reason that long before the levy of the attachment, to wit, on the 25th day of September, 1877, Sigsbee sold and delivered to the plaint-

iff all his interest in and to the mortgaged property for a valuable consideration, a part of which was the surrender of the Sigsbee note which the. mortgage to plaintiff was given to secure, and that from that date until the levy of the attachment, the plaintiff had remained in the actual and continued possession of the property.

The cause was tried by the court sitting without a jury, and after the introduction of the testimony on both sides, and after the case had been substantially decided, the defendant presented an amendment to his answer, in which he attacked the sale from Sigsbee to plaintiff as fraudulent and void, and alleged an indebtedness from Sigsbee to the attaching creditors, which the original answer had failed to do, and asked leave to file the same, and to introduce proof in support thereof, which application to amend was refused by. the court, and this refusal is assigned as error.

Neither the original answer nor the proposed amendment contain any averment showing that the attachment was regularly issued by a court having jurisdiction, and this we hold is a fatal defect, in a case like the one we are considering, where the plaintiff claims the property by a prior sale and the officer attempts to justify the levy, by impeaching such sale for fraud. In the case of *Noble and Eastman* v. *Holmes*, 5 Hill, 195, the court say : " As a general rule process regular upon its face is sufficient for the protection of the officer although it may have been issued without authority. But when an officer attempts to overthrow a sale by the debtor on the ground of fraud, he must go back of his process and show authority for issuing it. If he act under an execution, he must show a judgment ; if he seize under an attachment, he must show the attachment regularly issued." In the case of *Van Etten* v. *Hurst*, 6 Hill, 313, the court say : " The defendants evidently intend to attack the plaintiff's title to the goods under the sale from Simon Van Etten, on the ground that the sale was fraudulent and void as against creditors. True, the pleas say nothing about creditors, and it is possible that the sale was bad for some other fraud. But a special pleader is not at liberty to leave his pleadings open to different constructions

and then take his choice between them. \* \* \* But there can be little doubt that the defendants mean to attack the sale on the ground that although it may be good as between the parties to it, it was fraudulent and void as against creditors. To do this they must show a judgment as well as execution; or where, as in this case, they proceed by attachment, they must show that the justice had jurisdiction, and that the process was regularly issued. And this is necessary to the justification of an officer as well as the creditor." See *Jansen* v. *Acker and Rich,* 23 Wend. 481; 2 Phillips' Ev. (5th Am. ed.); Cowen & Hill's Notes, note 293.

In the case of *Thornburgh* v. *Hand,* 7 Cal. 563, the court say: "An officer who seizes property in the hands of a debtor may justify under the execution or process, but when he takes property from a third person who claims to be the owner thereof, if on execution, he must show the judgment and execution; if on attachment, the writ of attachment, and, as we think, the proceedings on which it was based."

And in order to make this justification, the same must be pleaded, and the answer must show that the attachment was based upon a proper and sufficient affidavit. *Crawford* v. *Mead,* 7 Ala. 157.

It follows, therefore, that the amended answer contained no defense to plaintiff's action and there could have been no abuse of discretion in the court refusing permission to file such an answer.

Judgment affirmed with costs.

*Judgment affirmed.*