The State ex rel. Robertson v. Hope.

---

THE STATE ex rel. ROBERTSON, Appellant, v. HOPE et al..

1. **Officer : ATTACHMENT : PRESUMPTION** Where under a writ of attachment, directing a sheriff to levy on the property of the defendant therein, the officer seizes property in posession of a stranger to the writ, such seizure is *prima facie*. wrongful as against such party in possession and in an action therefor by the latter against the officer on his bond, no presumption obtains in favor of the officer that he did his duty in making the levy.

2. ——— : ——— : ———. It is only where the controversy is between the officer and party to the writ that such presumption exists.

3. **Personal Property : POSSESSION OF.** Possession of personal property is presumptive evidence of title.

*Appeal from Jackson Circuit Court.*—HON. TURNER.
A. GILL, Judge.

REVERSED.

The State ex rel. Robertson v. Hope.

*Karnes & Ess* for appellant.

(1) It is undisputed that at the time of the levy of the attachment writs the relator was in the sole possession of the property, therefore, *prima facie*, it belonged to him. Wharton on Evid., sec. 1331 ; Best on Evid., sec. 366; Greenlf. on Evid., sec. 34 ; *Wiseman v. Lynn*, 39 Ind. 259 ; *Vastine v. Wilding*, 45 Mo. 89 ; *Rubey v. Culbertson*, 35 Ia. 264 ; *Simpson v. Carleton*, 14 Gray, 506. (2) The burden was on the sheriff to show authority of law for taking the property from relator's possession ; the presumption that public officers do their duty cannot supply proof of such facts. *Linbloom v. Ramsey*, 75 Ill. 246 ; *U. S. v. Ross*, 92 U. S. 281. (3) Schneider had a right to prefer relator as his debtor and the latter had a right to accept the preference. *State, etc., v. Lawrie*, 1 Mo. App. 370 ; *Forrester v. Moore*, 77 Mo. 651 ; *Thornton v. Tandy*, 39 Tex. 544 ; *Shelley v. Boothe*, 73 Mo. 74.

*Gage, Ladd & Small* for respondents.

(1) The seventh instruction given for respondents complained of is not erroneous ; it simply placed the burden of proof on the plaintiff where it belonged. *Heineman v. Heard*, 62 N. Y. 448 ; *Rowan v. Lamb*, 4 G. Greene (Ia.) 468. (2) The plaintiff tried his case on the theory that he occupied the position of a *bona fide* purchaser and he is estopped now to deny his theory below. *Harris v. Hays*, 53 Mo. 96. (3) Relator's possession was presumptive of collusion in Schneider's acknowledged fraud and the burden was on him to prove that he bought in good and faith for value. Possession is not always evidence of honest ownership. *Hamilton v. Marks*, 63 Mo. 167 ; *Cass Co. v. Green*, 66 Mo. 498 ; *Johnson v. McMurray*, 72 Mo. 278 ; *Carrier v. Cameron*, 31 Mich. 379 ; *Savage v. Hazard*, 9 N. W. Rep. 83.

Coveyances by an insolvent of all his property are presumptively fraudulent. *Merrill v. Locke*, 41 N. H. 486.

*Bryant & Holmes* also for respondents.

(1) In all actions against a sheriff and his sureties when an attempt is made to charge them for his wrongful act or default, the presumption stated in the instruction complained of exists and is universally maintained. 1 Greenlf. on Evid., sec. 40; *Bruce v. Holden*, 21 Pick. 187; *Clarke v. Lyman*, 10 Pick. 45; *Weber v. Weber*, 1 Met. (Ky.) 18; *Anderson v. Sutton*, 2 Duv. (Ky.) 480; *Bannon v. Saunders*, 24 Gratt. 138; *Kelly v. Green*, 53 Pa. St. 302: *Phelps v. Ratcliff*, 3 Bush, 334; *Lea v Polk*, 21 How. (U. S.) 493: *Burgert v. Borchert*, 59 Mo. 80; *Pickard v. Howe*, 12 Met. 198; *Barnard v. Graves*, 13 Met. 85. (2) The action is grounded on an alleged breach of that condition of the sheriff's bond whereby he and his sureties covenant that he "shall faithfully perform the duties of said office." No recovery can be had without alleging and proving the negative proposition that the sheriff in some particular did faithfully perform the duty of his office to the damage of the relator. Whatever is necessary for a complainant to allege even though it be a negative he must establish by proof. *Powers v. Russell*, 13 Pick. 169; *Nicholas v. Winfrey*, 79 Mo. 544; *Delano v. Bartlett*, 6 Cush. 364. (3) In an action against a sheriff for a false return the burden of proving the negative allegation of falsity devolves on the party asserting it. *Long v. Joplin Mining Co.*, 68 Mo. 422; *Central Bridge v. Butler*, 2 Gray, 130; *Nichols v. Munsel*, 115 Mass. 567.

RAY, J.—This is a suit in the name of the state at the relation of Robertson against defendant, Hope, and the co-defendants as his sureties on his official bond

as sheriff of Jackson county, Missouri. The relator says in his petition that on July 15, 1882, he was the owner of and in possession of a stock of goods in Kansas City, Missouri, giving the items thereof, of the value of $17,473.26; that the defendant, Hope, was then the sheriff of Jackson county, Missouri, and the other defendants were his sureties on his official bond; that on said date said Hope had certain writs of attachment in his hands directing him to attach the property of one Samuel Schneider, and that claiming to act under said writs, he seized and carried away said property of relator. The prayer is for the penalty of the bond and assessment of damages. The defendants' joint answer is a general denial.

The plaintiff's evidence tends to show that on July 12, Samuel Schneider, who was a wholesale liquor merchant in Kansas City, turned over to plaintiff in payment of a debt of about equal amount due from him to plaintiff, and in further consideration that Robertson should assume a debt of twelve hundred dollars due from Schneider to one Rice, the entire stock of goods, fixtures, etc., in his store in Kansas City, Missouri, and invoiced at the sum of seventeen thousand dollars; that under such sale and transfer, relator took immediate and exclusive possession of said stock of goods in said storeroom, locked said storeroom and kept the key thereof; that his debt was actual and *bona fide*, and that he took the goods in payment thereof, in good faith and for that and for no other purpose, and that on July 14, said sheriff, claiming to act under certain writs of attachment issued of that date by the circuit court of Jackson county, in favor of certain other creditors and against said Schneider, forcibly broke open the storeroom and seized and carried away said stock of goods as the property of said Schneider. Defendants' evidence tended to show that at the date of sale and transfer of said property to the relator, Schneider was insolvent,

·owing some seventy-five thousand dollars or eighty thousand dollars; that this stock of goods was all of his visible and available assets, that the plaintiffs in the attachment writs, levied upon the property, were creditors of Schneider's and their claims amounted to twenty thousand dollars; that Schneider, in the disposition of this and other property committed gross fraud upon his creditors with intent to defraud, hinder and delay them, that Robertson, the relator, was aiding and abetting him therein, and that Schneider was not indebted to him and that his claim in this behalf was not *bona fide*, but mere pretense. The evidence on the part of defendants further shows an intent on the part of said Schneider to cheat, defraud, hinder and delay his creditors in his disposition and concealment of his property. Under the instructions given in the cause the jury found for the defendants.

There are no questions arising upon the record in this case as to the action of the court in the admission or exclusion of evidence. The grounds urged here for reversal grow out of the court's action in giving instructions, indeed the material question involves the propriety of a single instruction, the seventh given for defendant and which is as follows:

"The jury are instructed that the law presumes that the defendant, Hope, as sheriff of Jackson county did his duty in levying the writs of attachment on the goods in controversy, which presumption the jury must take into consideration in making a verdict; and before the jury can find for the plaintiff, the relator Robertson must overcome that presumption by a preponderance of the testimony."

Where the controversy is between the officer and parties to the writ, the presumption mentioned usually exists in favor of the officer. In actions against officers, for false returns, this presumption has often been invoked. But a writ which authorizes and commands

an officer to seize the property of one party, does not authorize him to levy upon the property of another and which he has in his possession. Gwyne on Sheriffs, 258 ; *Commonwealth v. Kennard*, 8 Pick. 133 ; *State ex rel. O'Bryan v. Koontz et al.*, 83 Mo. 323. Possession of personal property is presumptive evidence of title, and if with a writ running solely against the defendant therein, the officer makes a seizure of property in the actual possession of a stranger to the writ, the law makes no presumption in his favor in this behalf. He acts at his peril in such case, and must assume the burden of rebutting the presumption of title which the possession of the property raises. Where the officer, in execution of the writ, seizes upon property in the actual possession of the defendant, then a presumption of this sort mentioned in the instruction exists in his favor in any action by the parties, or by a third party, or stranger claiming said property, and the law would indulge the same presumption in favor of the officer in the absence of evidence as to who had the actual possession. Such, we think, are some of the cases, to which we are referred.

In this case, as the evidence shows and as is conceded, Robertson, the relator, was at the date of the levy in the actual and exclusive possession of the stock of goods and the law presumed him to be the owner thereof. The writs which defendant Hope, had in his hands as sheriff ran against one, Samuel Schneider, and said writs authorized and commanded him to seize the property of said Schneider. Robertson was an entire stranger to said writs and a seizure of goods in his possesion and to which he presumptively had title, without any precept against him or his property, was *prima facie* wrongful.

*Prima facie* the officer was a trespasser. *Linbloom v. Ramsey*, 75 Ill. 246 ; *Lammon v. Feusier*, 111 U. S. 17 ; *Day v. Gallup*, 2 Wall. 97 ; *Buck v. Colbath*, 3 Wall.

334; Murfree on Official Bonds, sec. 303; *Ohio for use of Story v. Jennings et al.*, 4 Ohio St. 418. If, as is conceded, Robertson was in the actual and exclusive possession of the property, and if the law presumes that he was the owner from the fact of his possession and claim of ownership, and if defendant, Hope, as sheriff, levied thereon, under writs which ran against Schneider, and to which Robertson was a stranger, which is also conceded, then we think the law indulges no presumption in favor of the officer and that he did his duty in making said levy. The fact of Robertson's actual possession and claim of ownership of the property at the date of the levy was not assailed. His ownership thereof and right to the possession were assailed by the defendant at the trial, and this was the issue on trial before the jury. Upon that question, the evidence is conflicting, and the seventh instruction, which told the jury that the law presumed the officer did his duty in this behalf, that the jury must consider such presumption and that relator must overcome that presumption by a preponderance of the evidence, was, we think, erroneous, misleading and prejudicial to the relator.

We, therefore, reverse the judgment upon this ground, and remand the cause for further proceedings in conformity hereto. All concur.