## WISE et al. v. JEFFERIS.

(*Circuit Cour' of Appeals, Ninth Circuit.* July 18, 1892.)

**1. WRONGFUL ATTACHMENT—REMEDIES—REPLEVIN.**

One whose property has been wrongfully seized under a writ of attachment, to which he is a stranger, is not confined to an action on the official bond of the sheriff, but may bring an action of replevin against him individually.

**2. SAME—DEFENSES.**

In an action against a sheriff to recover goods, or the value thereof, taken by him under a writ of attachment from the possession of a stranger to the writ, the fact that he has subsequently turned them over to a receiver, in accordance with an order of court made in a third suit, to which plaintiff was not a party, is immaterial, since his liability arose at the time of wrongful seizure, and was not affected by the subsequent disposition of the goods.

**3. SAME—PLEADINGS AND EVIDENCE.**

In replevin against a sheriff for the wrongful attachment of goods held by plaintiff's agent under a bill of sale given by the person against whom the attachment was directed, as security for debt, the sheriff cannot prove that the bill of sale was made for the purpose of defrauding other creditors, when the only fraud averred in the answer was that the agent used the bill of sale, after its execution, falsely and fraudulently, for the purpose of gaining a secret advantage over other creditors of the seller.

**4. SAME—DEFENSES.**

If the allegation of fraud by the agent were admitted to be true, the sheriff could not justify under the writ, however regular, without showing that he had first made a tender of the sum due plaintiff from the common debtor, as required by Comp. St. Mont. § 1546.

**5. SAME—PLEADING—AMENDMENT—NEW CAUSE OF ACTION.**

In replevin in a federal court defendant pleaded in justification that he was a sheriff, and took the goods under an attachment issued by a state court. At the close of plaintiffs' evidence, defendant moved the court to direct a verdict for him. This was denied, and plaintiffs thereupon obtained leave to amend their replication so as to allege that the suit in which the attachment issued was determined, the judgment satisfied, and the property disposed of long prior to the commencement of the present suit; and proofs were thereafter given by both parties. *Held,* that the amendment did not set up a new cause of action, but was merely an additional replication to the new matter pleaded in the answer, and its allowance was within the court's discretion.

In Error to the Circuit Court of the United States for the District of Montana.

At Law. Action by Maurice Wise and others against Charles M. Jefferis to recover certain goods, or the value thereof. Verdict and judgment for plaintiffs. Defendant brings error. Affirmed.

*Toole & Wallace* and *W. S. Wood,* for plaintiff in error.

*Cullen, Sanders & Shelton, F. M. Dudley,* and *E. W. McGraw,* for defendants in error.

Before GILBERT, Circuit Judge, and DEADY and HAWLEY, District Judges.

HAWLEY, District Judge. This suit was commenced in the United States circuit court of Montana, on the 22d day of October, 1890, for the recovery of the possession of certain goods and personal property, or for the value thereof in case a delivery could not be had. The cause was tried before a jury, and a verdict found in favor of the plaintiffs.

It appears from the record that on the 18th of March, 1889, and prior thereto, J. E. Landsman, as the successor of Landsman & Co., was con-

ducting and carrying on the business of a clothing store in Helena, Mont.; that Landsman & Co. were indebted to the First National Bank of Helena in the sum of about $8,000, also indebted to the plaintiffs in this suit, Wise *et al.*, designated as Chicago creditors, in the sum of about $7,700, and indebted to divers other creditors, in the aggregate amounting to over $10,000; that on the morning of the 18th of March, 1889, the Chicago creditors and plaintiffs Turner & Burleigh procured from said Landsman a bill of sale of all the merchandise, store fixtures, and firm assets of Landsman & Co., for a consideration, as expressed in the bill of sale, of $12,500; that the bill of sale was, by agreement of parties, made to William Oliver, who acted as the agent of the plaintiffs in this suit; that said Oliver took possession of said goods and store for said parties; that in the forenoon of said day Charles M. Jefferis, defendant herein, as sheriff of Lewis and Clarke county, Mont., levied, seized upon, and took possession of said stock of goods under and by virtue of a certain writ of attachment, issued out of the district court in and for Lewis and Clarke county, Mont., in a suit brought by the First National Bank of Helena against J. E. Landsman & Co.; that at the time of this levy the said Oliver demanded from Jefferis the possession of said goods, which was refused; that the return upon said writ of attachment, as made by Jefferis, states that he attached the property "in the possession of William Oliver." During the trial of the case it appeared from the evidence that the bill of sale was given to Oliver as security for the indebtedness due from Landsman & Co. to the Chicago plaintiffs, in the sum of $7,741.81, and the indebtedness due to Turner & Burleigh, the other plaintiffs, in the sum of $108.85 or thereabouts, and it was treated throughout the trial as a chattel mortgage.

Numerous bills of exception were taken at different stages of the trial, and there are several specific assignments of error, some of which relate to and are dependent upon the character and condition of the pleadings, and others to the instructions and rulings of the court. The pleadings of both parties were, at different times, by leave of the court, amended in several particulars. In the original answer Jefferis alleged that all his acts were performed solely in his official capacity as sheriff, and in the performance of duties enjoined upon him by law; that he levied upon and took possession of said goods under the writ of attachment in the suit of the First National Bank of Helena against Landsman & Co., and retained possession thereof until the 20th of April, 1889, "when he was superseded in possession thereof by one Marcus Lissner, who was duly appointed a receiver, with full power and authority to receive, take, hold, and dispose of the said goods in a certain suit and action wherein Max Sternberg was plaintiff and J. E. Landsman & Co. were defendants." Upon the trial Jefferis offered the complaint and attachment in said suit, the petition of plaintiff Sternberg, the order of the judge appointing the receiver, and the oath and bond of the receiver. The admission of these papers as evidence was objected to upon the ground that, if a portion of the record in the case was to be introduced, the entire record should go in, and for the further reason that the papers offered were irrelevant

and immaterial under the issues, which objection was properly sustained by the court.

If the sheriff wrongfully seized the property in the first instance, his liability was then incurred, and he could not relieve himself from such liability by proof that he subsequently delivered the property to another person upon the order of the court made in the suit to which plaintiffs were not parties. "The action is for a trespass, and the wrongdoer cannot avoid liability by handing the fruits of his trespass or wrong over to another." *Duke* v. *Vincent*, 29 Iowa, 309. The plaintiffs, having acquired a right of action, could not be held to have lost it under such circumstances, and the defendant was not discharged from any responsibility which he had incurred. *Livermore* v. *Northrup*, 44 N. Y. 112.

At the close of the testimony upon the part of plaintiffs, the defendant, Jefferis, moved for a nonsuit, which he subsequently, by leave of the court, changed to a motion to instruct the jury to find a verdict for defendant. This motion was denied. Thereupon plaintiffs obtained leave of the court to file an amendment to their replication to defendant's answer. This amendment, among other things, alleged that the defendant had levied upon the goods in question under the writ of attachment issued in the suit of the First National Bank of Helena against Landsman & Co., and that said suit had been terminated and completed by the rendition of judgment therein, and that said judgment had been fully satisfied and discharged long prior to the commencement of this suit, and that said property, having been disposed of, was no longer held under or by virtue of any process of the state court, and that all interest which said court ever had in and to said property had long since ceased and terminated. The contention of Jefferis is that the court erred in refusing to grant his motion, because, as the evidence and pleadings then stood, it appeared that the goods were in possession of the state court, and therefore it is argued that the United States circuit court had no jurisdiction of the case.

The record does not purport to contain the evidence offered by plaintiff, and, in the absence of such a statement, it would be our duty to presume that there was evidence sufficient to sustain the action of the court. It is, however, unnecessary to discuss that question, as we are of opinion that the court did not err in allowing the amendment to the replication, setting up the true state of facts concerning the possession and disposition of the goods; and, even if the court erred in denying the motion, the error was cured by allowing the amendment, and by subsequent proofs offered by both parties.

It is always within the discretion of the court to allow amendments to the pleadings, at any stage of the trial, so as to conform to the truth. But it is contended by Jefferis that the allowance of the amendment changed the cause of action, and worked a vital injustice to him, in this: that the cause of action as originally brought was against him as an individual, and that the amendment introduced a new cause of action against him as an officer; and reference is made to section 1546, Comp. St. Mont., which provides that "personal property mortgaged may be

taken on attachment or execution issued at the suit of a creditor of the mortgagor, but, before the property is so taken, the officer must pay or tender to the mortgagee the amount of the mortgage, or must deposit the amount with the county treasurer of the county in which the mortgage is filed, payable to the order of the mortgagee." Counsel assume the facts to be that Jefferis, before levying on the property, tendered plaintiffs the sum due them, and thereupon claim that the seizure was lawful, under the statute, and that the only remedy which plaintiffs had was an action against Jefferis on his official bond as sheriff, and rely upon *Wood* v. *Franks*, 56 Cal. 218, in support of their views. It is a sufficient answer to the argument of counsel upon this point to say (1) that there was no proof in the record that any tender was made; (2) that the amendment did not introduce any new or different cause of action. It was simply an additional replication to the new matter set up in defendant's answer, for the purpose of allowing evidence to be introduced showing that the goods and personal property had been disposed of, and were not, at the time of the commencement of this action, in the custody of, or under the control of, the state court, or that defendant held the property by virtue of any process of the state court.

Plaintiffs were not confined to the remedy afforded by an action upon the official bond of Jefferis. From the facts of this case, as they appear in the record, they were entitled to recover in the form of action chosen by them, although they might have obtained their rights in another and different form of action. *Lammon* v. *Feusier*, 111 U. S. 19, 4 Sup. Ct. Rep. 286. The defendant, Jefferis, having levied upon and taken the property of a stranger to the writ, if unable to justify his taking, might be sued therefor in any form of action which the party whose rights had been invaded might elect to pursue. 2 Freem. Ex'ns, § 272, and authorities there cited. Under the law of Montana, an action of claim and delivery or trover would lie against a sheriff who wrongfully takes possession of personal property under a writ of attachment,—*Griswold* v. *Boley*, 1 Mont. 546; *Boley* v. *Griswold*, 20 Wall. 486; *Sweeney* v. *Lomme*, 22 Wall. 213,—and it has been frequently decided that an action of replevin, or of claim and delivery, might be maintained by the mortgagee of personal property against an officer who, under a writ of attachment in a suit against the mortgagor, levied upon and took the property from the possession of the mortgagee,—*Norris* v. *McCanna*, 29 Fed. Rep. 757; *Rankine* v. *Greer*, 38 Kan. 343, 16 Pac. Rep. 680; *Sherman* v. *Finch*, 71 Cal. 68, 11 Pac. Rep. 847; *Stevenson* v. *Lord*, (Colo. Sup.) 25 Pac. Rep. 313; *Merrill* v. *Denton*, 73 Mich. 628, 41 N. W. Rep. 823; *Wood* v. *Weimar*, 104 U. S. 786; *Whitney* v. *Swensen*, 43 Minn. 337, 45 N. W. Rep. 609.

The action of replevin was formerly brought to test the legality of a distress, and could not be maintained in any other case; but, under the statutes and more modern decisions of the various courts, the action can now be sustained for any wrongful taking or unlawful detention of the personal goods and property of another. This action belongs to the same class as trespass, trover, and detinue; the governing principles

controlling each of these actions being in many respects analogous, but the form of proceeding is in some respects different. The common-law action of replevin is in several states superseded by the action of claim and delivery, which takes its place and is controlled by statutory provisions, embracing some of the essential features of replevin and trover. When the personal property has been disposed of, and cannot be recovered, the action of trover would furnish an adequate remedy; but in an action for claim and delivery, as in replevin, when it appears upon the trial that an actual delivery of the goods cannot be had, the court might, especially in cases where no objection is made on this ground, render a judgment only for the value of the goods and damages for the detention thereof, (Morris, Rep. § 774; *Boley* v. *Griswold, supra; McGraw* v. *Franklin*, (Wash.) 25 Pac. Rep. 911;) or the court might, as it did in this case, render an alternative judgment, which could be enforced as a money judgment, (Morris; Rep. §§ 509, 772.)

At the close of the trial, it appearing that there was a defect in the statutory undertaking for the issuance of the writ of attachment in the suit of the First National Bank of Helena against Landsman & Co., the court charged the jury that the attachment was void, and that Jefferis could not, therefore, justify under it; "that his defense that the mortgage to Oliver was fraudulent * * * as to the creditors for whom he acted fails, and you must not consider any of the evidence upon the point as to whether the mortgage to Oliver for plaintiffs was in fraud of creditors or not." This ruling of the court was in conformity with the decisions of the supreme court of Montana, to the effect that when a sheriff, by virtue of a writ of attachment or execution, levies upon the property in the possession of, and claimed by, a third person, who is a stranger to the writ, he cannot justify his seizure of the property by attacking the sale to the party in possession as fraudulent against creditors, without showing that all the preliminary proceedings were regular and sufficient to authorize the issuance of the writ. *Hootman* v. *Bray*, 3 Mont. 409; *Ford* v. *McMaster*, 6 Mont. 240, 11 Pac. Rep. 669; *Marcum* v. *Coleman*, 8 Mont. 196, 19 Pac. Rep. 394; *Palmer* v. *McMaster*, 10 Mont. 390, 25 Pac. Rep. 1056. The same principle is announced in the courts of several other states; but it is opposed to the law as applied to the process and officers of the United States court, as held in *Matthews* v. *Densmore*, 109 U. S. 216, 3 Sup. Ct. Rep. 126. But, be that as it may, it is our opinion that the action of the court in withdrawing the question of fraud in the sale of the goods by Landsman to Oliver should have been sustained upon the ground that there was no allegation in the pleadings that would have permitted the question of actual fraud to be submitted to the jury. The charge of the court must be construed with reference to the fraud as alleged in the pleadings. There are no averments in any of defendant's answers that the sale of the goods to Oliver was made with the intent to hinder, delay, or defraud creditors. The only averment of actual fraud is that Oliver, after the bill of sale had been executed, used the same fraudulently and falsely, to gain a secret advantage against other cred-

itors of the said Landsman & Co., by insisting and claiming that there was due to the creditors for whom he was acting the full sum of $12,-500,—the amount mentioned in the bill of sale; that the said Landsman & Co. were not indebted to said creditors in any amount exceeding the sum of $7,741.87; and that said Oliver used, and intended to use, the said bill of sale "to work a fraud and extort money." No fraud whatever is alleged against Landsman & Co.

The fraud charged relates solely to the fact that Oliver attempted to make an improper use of the bill of sale. If the allegation of fraud by Oliver is admitted to be true, the defendant, Jefferis, could not justify under the writ of attachment, however regular all the proceedings might have been, without first showing that a tender was made to Oliver of the amount admitted to be actually due to the creditors for whom Oliver acted prior to, or at the time of, the levy of the writ of attachment. No such proof appears in the record. The verdict of the jury fixed the value of the goods at $7,741.87 for the Chicago plaintiffs, and $108.85 for plaintiffs Turner & Burleigh, amounting in all to $7,850.66. It does not, therefore, affirmatively appear that defendant was injured or prejudiced in any manner by the charge of the court withdrawing the question of fraud, as alleged in the pleadings, from the consideration of the jury. We deem it unnecessary to discuss the questions presented in the other assignments of error. It is enough to say that we have carefully examined the same, and find them untenable.

The judgment of the circuit court is affirmed.