PORTER v. DAVIDSON, Sheriff.

(Circuit Court, W. D. North Carolina. August 4, 1894.)

1. CONFLICTING STATE AND FEDERAL JURISDICTION — CLAIM AND DELIVERY — TAKING PROPERTY FROM SHERIFF'S POSSESSION.
   Property in possession of a sheriff under process issued by a state court cannot be taken out of his possession in an action of claim and delivery in the federal court.

2. SAME—DAMAGES.
   But the action of claim and delivery in the federal court may be maintained by a third person in so far as it seeks to recover damages against the sheriff for the wrongful taking.

This was an action of claim and delivery by Henry K. Porter against S. W. Davidson, Jr., sheriff of Cherokee county, N. C. Defendant moved to set aside the service of summons, and to dismiss the complaint.

J. W. & R. L. Cooper, for motion.

Gudger Martin, contra.

Before SIMONTON, Circuit Judge, and DICK, District Judge.

PER CURIAM. This is a motion to set aside the service of a summons and to dismiss the complaint upon the ground that the record discloses a want of jurisdiction in this court. The plaintiff is mortgagee of certain chattels in the possession of George Porter & Co., the mortgagors, after condition broken. The defendant, the sheriff of Cherokee county of North Carolina, had seized and held the chattels under warrants of attachment issued out of the courts of North Carolina against the mortgagors, the causes of action being debts alleged to be due by the mortgagors to the attaching creditors respectively. Pending the suits in which the attachments were issued, the present plaintiff mortgagee brought his action of claim and delivery in this court, setting forth the fact that he is the owner of the chattels, and entitled to the possession thereof. Thereupon, pursuing the practice in North Carolina, he executed the proper undertaking, and the marshal of this court took the chattels from the possession of the defendant sheriff, and delivered them to the plaintiff. The defendant has filed his answer, denying that plaintiff is the owner of the chattels, and setting up the fact that he is in possession of said chattels under divers warrants of attachment issuing out of proper courts in North Carolina, said chattels being the property of George Porter & Co., the defendants in the said suits in which the attachments were issued. The question is, can this suit of claim and delivery be maintained against the defendant sheriff under these circumstances? It is well to keep in mind the precise question before us. The plaintiff claims

and has had accorded to him the right to take out of the possession of the state sheriff the chattels held by him under process from the state courts. The question is not as to the personal responsibility in damages to which the sheriff has exposed himself in executing the processes of attachment. In Taylor v. Carryl, 20 How. 583, the supreme court, in an opinion of recognized authority, held "that property seized by a sheriff under process of attachment from a state court, and while in the custody of the officer, could not be seized or taken from him by process in admiralty from the district court of the United States." The ratio decidendi was this:

"In the case of conflicting authority under state and federal process, in order to avoid unseemly collision between them, the question as to which authority should for the time prevail does not depend upon the rights of the respective parties to the property seized,—whether the one was paramount to the other,—but upon the question which jurisdiction had first attached by the seizure and custody of the property under its process."

In Freeman v. Howe, 24 How. 450, this doctrine was commented on, approved, and applied. In this last-named case the marshal of the United States court had attached certain property under warrants of attachment, and it had been taken out of his custody by the state's officer, under a writ of replevin issued out of the state court. The warrant of attachment had been directed, not against property specifically described, but commanded a levy as in cases of fi. fa. upon the property of the defendant. In that state of things the supreme court held:

"When property is taken and held liable under process, mesne or final, of a court of the United States, it is in custody of the law, and within the exclusive jurisdiction of the court from which the process issued for the purposes of the writ. The possession of the officer cannot be disturbed by process from any state court, because to disturb that possession would be to invade the jurisdiction of the court by whose command it is held, and to violate the law which that jurisdiction is appointed to administer. Any person not a party to the suit or judgment, whose property has been wrongfully, but under color of process, taken and withheld, may prosecute by ancillary proceedings in the court wherein the process issued his remedy for restitution of the property or its proceeds."

Vice versa, the jurisdiction of the state courts will be maintained and preserved under like circumstances. The doctrine of this case was stated and approved in Buck v. Colbath, 3 Wall. 341, and the general principles reiterated:

"Whenever property has been seized by an officer of the court by virtue of its process, the property is to be considered in the custody of the court, and under its control, for the time being. No other court has the right to interfere with that possession, unless it be some court which may have a direct supervising control over the court whose process has first taken possession, or some superior jurisdiction."

It will be noted that this doctrine is confined to the right of possession of the goods, and prevents only the disturbance of that possession. Says Covell v. Heyman, supra:

"All other remedies to which he [the claimant of the property] may be entitled against officers or parties, not involving the withdrawal of the property or its proceeds from the custody of the officer and the jurisdiction of the court, he may pursue in any tribunal, state or federal, having jurisdiction over the parties or the subject-matter." 111 U. S. 179, 4 Sup. Ct. 355.

And the same doctrine is distinctly stated in Buck v. Colbath. So, also, in Lammon v. Feusier, 111 U. S. 19, 4 Sup. Ct. 286, the court makes the same distinction: "When a marshal, upon a writ of attachment on mesne process, takes property of a person not named in the writ, the property is in his official custody, and under the control of the court whose officer he is and whose writ he is executing; and, according to the decisions of this court, the rightful owner cannot maintain an action of replevin against him, nor recover the property specifically in any way except in the court from which the writ issued;" quoting Freeman v. Howe, supra, and Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27. But "a person other than the defendant named in the writ whose property is wrongfully taken may indeed sue the marshal like any other wrongdoer, in any action of trespass, and recover damages for the unlawful taking, and neither the official character of the marshal nor the writ of attachment affords him any defense to such an action;" quoting Day v. Gallup, 2 Wall. 97; Buck v. Colbath, supra. The whole subject is exhaustively discussed in Covell v. Heyman, 111 U. S. 176, 4 Sup. Ct. 355, and the doctrine and distinction above set out fully declared and established.

The rubric of the case summarizes its conclusion. The possession by a marshal of a court of the United States of property by virtue of a levy of an execution issued upon a judgment recovered in a circuit court of the United States is a complete defense to an action in a state court of replevin of the property seized without regard to the rightful ownership. The principle that, whenever property has been seized by an officer of the court by virtue of its process, the property is to be considered as in the custody of the court, and under its control, applies both to the taking under a writ of attachment on mesne process and to a taking under execution.

The learned counsel for the plaintiff in his brief quotes Chief Justice Pearson in Jones v. Ward, 77 N. C. 337, and cases confirming him,—Churchill v. Lee, 77 N. C. 341; Duke v. Markham, 105 N. C. 131, 10 S. E. 1003. But these were cases within the jurisdiction of the court which was in possession of the goods. The claimants pursued their remedy within that jurisdiction,—a right recognized and pointed out in the cases in the supreme court of the United States. He also quotes and relies on Wood v. Weimer, 104 U. S. 793; but that case turned upon the question whether replevin would lie anywhere against a sheriff who levied an attachment on goods. The court below held that it would not; but pending the appeal from this decision the supreme court of Michigan in King v. Hubbell, 42 Mich. 597, 4 N. W. 440, held that, although goods mortgaged could be taken, under an attachment, from possession of the mortgagor, the officer must surrender them to the mortgagee on demand, after inventory and appraisement completed, unless the attaching creditors dispute the validity of the mortgage. Upon the strength of this decision the supreme court of the United States reversed the decision below. The present point was not raised. Indeed, the doctrine asserted by the supreme court would not have applied. Under the law of Michigan the sheriff who had attached mortgaged prop-

erty was bound to deliver it to the mortgagee demanding it, and not to wait for any order of court, unless the validity of the mortgage was denied. Wise v. Jefferis, 2 C. C. A. 432, 51 Fed. 641, seems to be in conflict with the decisions of the supreme court of the United States.

The chattels taken under process of claim and delivery in this case were in the hands of the defendant, a state officer, under process of the state courts, were subject wholly to the jurisdiction of the state courts, and are not amenable to the process of claim and delivery out of this court. The language of the supreme court in Covell v. Heyman, 111 U. S., at page 182, 4 Sup. Ct. 355, cannot be quoted too often:

"The forbearance which courts of co-ordinate jurisdiction administered under a single system exercise towards each other, whereby conflicts are avoided by avoiding interference with the process of each other, is a principle of comity with perhaps no higher sanction than the utility which comes from concord. But between the state courts and those of the United States it is something more. It is a principle of right and law, and therefore of necessity. It leaves nothing to discretion or mere convenience. These courts do not belong to the same system, so far as their jurisdiction is concurrent. Although they exist in the same space, they are independent, and have no common superior. They exercise jurisdiction, it is true, within the same territory, but not in the same plane; and, when one takes into its jurisdiction a specific thing, that res is as much withdrawn from the judicial power of the other as if it had been physically carried into a different territorial sovereignty. To attempt to seize it by a foreign process is futile and void."

It is ordered that the chattels taken in this case be returned to the custody of the defendant sheriff of Cherokee county, N. C. But, as has been seen, the cases go only to the possession of the res. A third party may pursue his remedy against the sheriff for damages in any court. The proceedings of the plaintiff in this case by which he took from the possession of the sheriff the chattels levied on was ancillary, not in any way affecting the merits of the original case. That can go on without conflicting with any of the cases quoted above. It is further ordered that so much of this notice as seeks to set aside the service of the summons or to dismiss the complaint is refused.