ALBERT KNIGHT *vs.* ABNER M. NELSON & another.

Suffolk.    March 23. — April 9, 1875.    AMES & DEVENS, JJ., absent.

If in an action by A. against B. the officer, although directed to attach only specific property of B., attaches goods of C., and A. then knowing that C. claimed some of the goods, gives the officer a bond of indemnity against all suits, damages and costs " by reason of the said attachment," he thereby assumes the responsibility of the officer's illegal act, and is liable for a subsequent conversion of the goods by a sale by the officer.

Judgment without satisfaction against an officer who has made an illegal attachment of goods is no bar to an action against the plaintiff in the original action for the conversion of the goods.

TORT for the conversion of certain goods. The case was submitted to the Superior Court, and to this court on appeal, on an agreed statement of facts, in substance as follows :

In May, 1872, the defendants brought a suit in the Municipal Court of Boston, against J. F. L. Whitmarsh and Francis T. Irish, auctioneers and commission dealers. The writ was served by R. S. Carroll, a constable of the city of Boston, who received special instructions to attach only the goods of the defendants, specifying them, and such specification not covering the goods claimed by the plaintiff. Carroll made an attachment of all the goods in the auction-rooms of Whitmarsh and Irish, and very

soon thereafter the plaintiff made a claim upon Carroll for certain goods included in said attachment as his property, consigned to Whitmarsh and Irish for sale on commission. Carroll then demanded of the defendants in this case a bond to save him harmless in making and maintaining the attachment. And the defendants gave Carroll a bond in the usual form, " to indemnify him and save him harmless from all suits, damages and costs whatsoever, whereunto he may be liable or obliged by law to pay to any person or persons by reason of the said attachment, or any further intermeddling of said Carroll by virtue of said process." The defendants knew of the claim of the plaintiff when they gave this bond, but the plaintiff had then taken no action to enforce it. Carroll afterwards sold all the goods so attached on mesne process, including those belonging to the plaintiff, and never accounted to the defendants or any one else for the proceeds.

The plaintiff brought suit against Carroll for the conversion of said goods, and recovered judgment therein for $185 and costs, and said judgment has been in no part satisfied, and the execution has been returned accordingly.

The same property was attached by other parties, the same officer serving the process, but the defendant's attachment was the first one.

It is agreed for the purposes of this case that some of the goods so attached were the goods of the plaintiff, and if upon the above facts the plaintiff is entitled to judgment, the same may be entered for him in the sum of $185, and interest on the same from January 1, 1874 ; otherwise judgment for the defendants.

*G. W. Morse,* for the plaintiff.

*H. H. Smith,* for the defendants.

GRAY, C. J. The defendants, at the request of the officer, and with knowledge that the plaintiff claimed some of the goods which he had attached, having given him a bond of indemnity, in the usual form, against all suits, damages and costs " by reason of the said attachment, or any further intermeddling of " the officer " by virtue of said process," (not limited in any way to the goods which they had originally directed him to attach,) assumed the responsibility of his acts, and were liable to the plaintiff for the subsequent conversion of his goods ; and the judgment against

the officer, without satisfaction, is no bar to this action. *Murray* v. *Lovejoy*, 2 Clif. 191, and 3 Wall. 1. *Herring* v. *Hoppock*, 15 N. Y. 409. *Elliott* v. *Hayden*, 104 Mass. 180.

*Judgment for the plaintiff.*