CORNELIA CHURCHILL, Administratrix v. TIMOTHY F. LEE.

*Claim and Delivery—Action against Officer—Practice—Opening and Conclusion—Evidence.*

1. An action for claim and delivery will lie against an officer for a wrongful seizure of property under execution.

2. Although the affirmative the issues raised by the pleadings is upon the defendant, yet if the affirmative of any of the issues submitted to the jury is upon the plaintiff, he is entitled to open and conclude, if the defendant introduces evidence.

3. Where the plaintiff is not entitled to recover unless he establishes the *bona fide* ownership of certain property in controversy, he cannot be deprived of his right to open and conclude by reason of the fact that the defendant alleges that the plaintiff's title is fraudulent and void and insists that that raises an affirmative issue on his part.

4. The plaintiff offered in evidence a paper writting purporting to be a conveyance of the property in suit executed by one L to plaintiff's intestate, dated April 26th, 1869. The defendant offered evidence tending to prove that L was in New York, on April 27th, 1869, and asked a witness if he had received a letter from L on April 14th, and of that date, in the following terms ; "I am compelled to leave by first train, &c." The letter was not produced and witness stated that he was satisfied he had it at home and could find it upon a thorough search ;

   *Held,* that upon the issues submitted to the jury as to *bona fides* of the conveyance to plaintiff's intestate, the letter was incompetent for irrelevancy.

5. Such testimony is inadmissible. (1) Because it is the statement of a third person, not a party to the action, as to his motive, where such motive was no part of the *res gestæ.* (2) Because L himself was a competent witness to prove his whereabouts on April 26th, and the letter was mere hear-say.

6. If the letter had been admissible, the original should have been produced if practicable.

(*Jones* v. *Ward, ante,* 337 ; *McRae* v. *Lawrence,* 75 N. C. 289 ; *Reiger* v. *Davis,* 67 N. C. 185 ; *Worthy* v. *Caddell,* 76 N. C. 82 ; *State* v. *Duncan,* 6 Ire. 236 ; *Carrier* v. *Jones,* 68 N. C. 130, cited and approved.)

CLAIM AND DELIVERY tried at January Special Term, 1877, of WAKE Superior Court, before *Schenck, J.*

This action was brought by the plaintiff's intestate who alleged that the defendant, as Sheriff, under an execution issued against the property of one M. S. Littlefield, seized certain personal property belonging to the plaintiff. The defence was that although the property was in possession of the plaintiff's intestate at the time of the levy, yet said Littlefield owned the property at the time the judgment was rendered and upon which said execution issued, and that said judgment was in favor of a third party to whom Littlefield was indebted. Upon issues submitted the jury found the following facts:

1. Littlefield conveyed the property—horses, carriage and harness—to plaintiff on the 26th of April, 1869, for a valuable consideration and without intent to defraud the creditors of Littlefield.

2. Littlefield retained property sufficient and available for the satisfaction of his then creditors

3. The plaintiff is entitled to nominal damages ; the value of the property when seized was $625 ; and the value of the property capable of re-delivery is $125.

Upon this verdict, judgment was rendered for the plaintiff and the defendant appealed. The exceptions to evidence and other facts necessary to an understanding of the opinion are sufficiently stated by Mr. Justice BYNUM in delivering the opinion of this Court.

*Messrs. Merrimon, Fuller & Ashe,* for plaintiff.
*Messrs. E. G. Haywood* and *Geo. H. Sonw,* for defendant.

BYNUM, J. Upon the authority of *Jones* v. *Ward, ante,* 337, the defendant abandoned here one of his grounds of appeal —namely, that an action for Claim and Delivery will not lie against a Sheriff for a wrongful seizure of property under an execution in his hands. He does rely, however, upon

two exceptions to the ruling of the Court taken by him in the progress of the trial in the Court below.

1. After the jury had been impanneled, the defendant claimed that the affirmative of all the issues raised by the pleadings was upon him, and that he had the right to offer the first evidence, and also to open and conclude the argument before the jury, if the plaintiff offered any evidence.

So far as the case shows (and we must assume it to be so) the issues submitted to the jury were agreed upon by the parties. There were seven written issues, and among them were the following : Did M. S. Littlefield convey the property—horses, carriage and harness—to Churchill ; and if so, when ? If said conveyance was made, was it for valuable consideration, or was it voluntary, and without valuable consideration ? Did M. S. Littlefield retain property fully sufficient and available for the satisfaction of his then creditors ? These were affirmative issues material to the plaintiff's right of recovery, and to establish them the burden of proof was upon her ; and that would give the plaintiff the right to open and conclude, if the defendant offered any evidence. After agreeing to these and other affirmative issues, it will not do for the defendant to fall back and say that upon the pleadings, the affirmative of all the issues raised was upon him, and he had the right to open and conclude. It was the duty of the jury to respond to the issues as agreed upon and submitted ; and, as they are material, the Court will, to support them, assume that the pleadings were, or were intended to be amended to suit the issues. But even upon the pleadings—the complaint and answer—the material issue made was, whether the plaintiff's conveyance of the property from Littlefield was *bona fide*, and for value. The plaintiff could not have been entitled to recover without establishing the affirmative of that issue. The complaint alleges this *bona fide* ownership in the plaintiff at the time of the seizure. This is denied in the answer and the

issue is thus formed, the affirmative of which is upon the plaintiff. But the defendant does not stop with the denial of the plaintiff's title, but the pleader very ingeniously and apparently for the purpose of obtaining the technical advantage of the opening and conclusion, goes further and alleges that the plaintiff's title is fraudulent and void; and then he says that this is an affirmative issue on his part which gives him the opening and conclusion. This is illusory, for the main question would still be as before—was the plaintiff the *bona fide* owner of the property at the time of the seizure by the Sheriff?—and her right of recovery would depend upon her establishing that fact by proof. We think in both points of view the plaintiff had the right to offer the first testimony, and in case the defendant introduced evidence, had the right also of the opening and conclusion. 1 Greenl. on Ev. § 74; *McRae* v. *Lawrence,* 75 N. C. 289.

2. The plaintiff offered in evidence a paper writing purporting to be a conveyance of the property in suit executed by Littlefield to the plaintiff's intestate, and dated April the 26th, 1869. The defendant offered evidence tending to prove that Littlefield was in New York on April the 27th, 1869, and then asked Mr. Gatling, a witness introduced by him, "if he, the witness, had received from Littlefield on the day it bears date in the City of Raleigh, a letter in the following terms; "Raleigh, April the 14th, 1869. Mr. Gatling: I am compelled to leave by the first train without seeing you. I enclose check on Mr. Swepson for one thousand dollars. I make it thirty days. He owes me. Your servant, &c, M. S. Littlefield." The letter was not produced, and the witness stated that he was satisfied that he had it at home, and could find it upon a thorough search over his papers. In the absence of the letter, the plaintiff objected to the witness answering the question, and His Honor sustained the objection. There is no error in that ruling.

The defence to the action set up in the answer and mainly

relied on, is, that at the time Littlefield conveyed the horses and carriage to Churchill, he had no other property and was indebted to the execution creditors for the satisfaction of whose debts the defendant seized the property ; and that the conveyance was voluntary and without any consideration. Upon this allegation one of the issues submitted to the jury was;. "Did Littlefield convey the property to Churchill for a valuable consideration, or was it voluntary and without consideration ?" Another was ; "If it was made for valuable consideration, was it with intent to hinder, delay, or defraud creditors ?" Both these issues were found for the plaintiff, and disposed of the case. Upon the trial of these issues, it is evident that the letter of Littlefield to Gatling, ruled out by the Court, was both immaterial and irrelevant and therefore incompetent. If the conveyance was *bona fide* for full value and without fraudulent intent, as the jury found, it was no odds whether it was executed on April the 26th, 1869, or any other day, or whether he was indebted or not, or had or had not any other property. *Reiger* v. *Davis*, 67 N. C. 185 ; *Worthy* v. *Caddell*, 76 N. C. 82. But in no conceivable view was the answer to the question ruled out, competent evidence. Neither Littlefield nor Gatling was a party to the action, and any communication between them was *res inter alios acta*. The declarations of one to the other, verbal or written, were mere hearsay ; hearsay, not of a fact nor of an intent, but of a declaration of an intent. Suppose the letter had been produced and read upon the trial ; did Littlefield really intend to leave on the first train, or was the declaration made for a purpose ?—*did* he in fact leave ?—did he leave *then* ?—did he return before the 26th ?—did he go to New York and remain until the 27th of April ? It is thus apparent that the letter would neither establish nor tend to establish anything. The intent even if real proves no fact in this case, and the admission of such evidence would lead to a sea of uncertainty. The proposed

testimony was therefore inadmissible ; First, because it is the statement of a third person not a party to the action as to the motives of Littlefield, when such motives are no part of the *res gestæ*. Even the declarations of third parties that they killed the deceased are inadmissible upon the trial of the accused for murder. *State* v. *Duncan*, 6 Ire. 236 ; Second, because Littlefield himself who was not a party to the action was a competent witness to prove his whereabouts on the 26th of April. His declarations are hearsay and are excluded where the witness himself could have been produced or his testimony procured. Whart. Law of Evidence, § § 247, 257 ; *Carrier* v. *Jones*, 68 N. C. 130.

If the letter itself had been admissible in evidence, whether its contents could have been thus proved without its production in evidence, is a question which does not properly arise in the view we have taken. But it may generally be said, that whether the writing whose contents are in controversy be one which the law requires to be in writing, or whether it is a contract put in writing by the parties, or whether it belongs to neither class, if it is one whose meaning it is important to preserve accurately for the purposes of justice, the policy of the law requires the original to be produced if practicable. "For *lex scripta manet*, while memory as to words is treacherous ; and even though not memory, but a written copy be offered, such copy has between it and the original the possibility of mistake or falsification." Whart. Law of Evidence, § 60; Greenl. on Ev. § § 88, 463.

There is no error.

PER CURIAM.                                            Judgment affirmed.