THOMAS JONES, Executor, v. T. N. WARD.

*Claim and Delivery—Action Against Officer.*

An action for claim and delivery of personal property can be maintained by the owner, against an officer taking the same under an execution against a third person.

(*Jarman* v. *Ward*, 67 N. C. 32 ; *McLeod* v. *Oates*, 8 Ire. 387, cited, distinguished and approved.)

CLAIM and DELIVERY, tried at Spring Term, 1877, of MARTIN Superior Court, before *Eure, J.*

The defendant was a Constable, and as such, had in his hands for collection an execution for $200 issued upon a judgment rendered by a Justice of the Peace. He levied upon certain bales of cotton on the premises and in the possession of the judgment debtor, Thomas W. Jones, the testator of plaintiff, by whom this action was instituted. Upon giving the required bond, and the defendant failing to give a counter bond, the cotton was taken from the possession of the defendant, and delivered to plaintiff's testator.

The jury found that the cotton was the property of said testator, and thereupon the defendant's counsel moved, *non obstante veredicto*, for judgment against the plaintiff for costs, upon the ground that this action could not be maintained against the defendant. His Honor refused the motion and

22

gave judgment against the defendant for costs. Appeal by defendant.

*Messrs. Mullen & Moore,* for plaintiff.
*Messrs. James E. Moore* and *Gilliam & Pruden,* for defendant.

PEARSON, C. J. In *Jarman* v. *Ward,* 67 N. C. 32, a construction is put on C. C. P. § 177, *et seq.,* ch. 2, Title IX, in respect to " the affidavit and undertaking." This case calls for a construction in respect to the cases that come within its operation.

The words of the statute are as broad as can well be imagined, and include every case, with four specified exceptions, where the plaintiff makes an affidavit that he is entitled to the possession of certain personal property, and that it is wrongfully detained by the defendant, and gives the " undertaking."

It is argued by the counsel of defendant, that the instance of a levy on property by a Constable or Sheriff under an execution, must be made an exception by implication, upon the ground that notwithstanding the broad words used, the law-makers cannot be supposed to have meant to include cases where property is taken under a writ of *fieri facias,* and is considered to be " *in custodia legis.*" He put himself on the decision, and reasoning in *McLeod* v. *Oates,* 8 Ire. 387. It is there held, that the Act of 1828, (Rev. Stat. ch. 101), does not apply to the case of an officer who takes a slave under a *fi. fa.* The decision is put mainly on the ground that the defendant is made to pay " *double damages,*" which the Court thinks to be so unreasonable in reference to an officer who levies an execution, as to justify the construction that the statute was not intended to apply to the case.

That case of course is not an authority on the construction

of C. C. P., which professes to establish a new order of things, and must be judged of by its own language.

The reasoning on which *McLeod* v. *Oates* is put, has however been allowed by us full weight and falls very far short of bringing our minds to the conclusion, that in the face of the broad words of C. C. P. the Court can say, that cases where a Constable or Sheriff takes property under a writ of *fieri facias* are excepted out of the operation of this statute, when a third person claims to be the owner of the property and alleges a wrongful detention by the officer. When the defendant in the execution assumes the character of plaintiff, and seeks to have the property re-delivered to him in the face of the levy, that is one thing, and the reasoning has much weight; *i. e.* "Execution has been called the end of the law, but it will be only the beginning and there will be no end of the law, if after a person has established his right by judgment, the defendant's effects may be rescued from the execution at his will by suing out a writ of replevin."

But the reasoning has no force when a third person brings an action on the ground that the property taken under the execution belongs to him, and not to the defendant in the execution. In the one case, the creditor has established his right to the debt by judgment, and the defendant is not allowed to obstruct the execution by a writ of replevin. In the other case, the right to the property is an open question, and there can be no reason why a third party alleging ownership should not have the same remedy against one wrong-doer as against another.

In accordance with this distinction the statute under consideration, seeing that its words are broad enough to take in every case where a party would make the affidavit and give the undertaking, takes the precaution to restrict its operation by requiring the affidavit to set out "that the property was not seized under an execution or attachment against the property of the plaintiff, or if so seized, that it is exempt by

statute." This only applies to an action by the defendant in the execution, and leaves the case of a third person to come under its broad terms. "*Expressio unius, exclusio alterius,*" is a rule that might be prayed in aid, if there was any occasion for aid, when the construction is so clear.

The other instances which are excluded from the operation of C. C. P. — when property has been taken for a tax or assessment or a fine—have the like bearing on the question of construction, and prove conclusively that all other cases embraced by the words come within the operation of the remedy provided by C. C. P.

No error.

PER CURIAM.                    Judgment affirmed.