## W. A. LEAVERING v. J. B. SMITH, Sheriff.

*Action for Damages—Wrongful Seizure and Sale by Sheriff— Evidence—Description—Deed of Personal Property—Instructions.*

1. Where plaintiff sells his claim after beginning the action, the purchaser may, in the discretion of the Court, be made a party plaintiff, even though, under *The Code*, the right of action were not assignable.

2. On a trial of an action for damages for the wrongful sale of property by a Sheriff who justified his seizure by alleging that he had levied upon it as the property of a third person, it was competent for the

115—25

plaintiff to show by such third person that he did not own it at the time of the levy, and to this end the latter's acknowledgment of the execution of a bill of sale offered in evidence, and antedating the levy, was properly allowed to go to the jury to show that he had sold the property at its date and had also delivered it into plaintiff's possession.

3. Where, in the trial of an action against a Sheriff for the wrongful sale of property, the plaintiff had furnished evidence tending to establish the ownership of the property at the date of the levy, the fact that he had subsequently, and after the commencement of the action, assigned his interest to another who had become a party plaintiff, could have no bearing on the issue relating to the ownership of the property at the date of the levy and sale, and defendant's objection to evidence of such assignment was properly overruled.

4. It is competent for the plaintiff, for the purpose of proving his assignor's possession of the property at date of assignment to plaintiff to show that the original owner had leased the ground on which the property was situated to plaintiff's assignor.

5. As between plaintiff and a Sheriff who seized property as belonging to A, which in fact A had sold to B, and B to plaintiff, the mode of conveyance from B is immaterial, and an unregistered deed of assignment is a valid means of proof.

6. Where it is proved that other lumber had been placed in the yard with plaintiff's after the date of the bill of sale, a charge that plaintiff must show that the lumber seized was part of that in the yard before the bill of sale, or that he was the owner of all the lumber in the yard at the time of the seizure, is proper.

7. A deed executed in Philadelphia, Pa., and containing the description, " All the real estate, and also all the goods, chattels, and effects and property of every kind, real, personal, and mixed," of the said grantor, will include lumber owned by grantor in Cumberland County, N. C.

8. It is not necessary that an instruction asked for shall be given in the language used, but only that the substance thereof is given.

CIVIL ACTION, tried before *Shuford, J.,* at ____ Term, 1893, of CUMBERLAND Superior Court.

The plaintiff sought to recover the value of lumber alleged to belong to plaintiff, and seized and sold by the defendant

under execution against H. W. Steinhelper and the Starr Lumber Company.

The facts appear in the opinion of Associate Justice BUR-WELL. Defendant appealed.

*Mr. J. W. Hinsdale,* for plaintiff.
*Mr. N. W. Ray,* for defendant (appellant).

BURWELL, J.: The executions which came to the hands of the defendant Sheriff directed and authorized him to seize and sell for their satisfaction the property of H. W. Stein-helper and the Starr Lumber Company. The two actions brought against him, which, without objection in apt time, were treated as one and tried together upon one set of issues, were founded upon the allegation that in executing those writs the defendant had taken certain personal property that did not belong to the defendants in those executions, or either of them, nor was in their possession. Of course, if that fact were true, he became, by such unauthorized and wrongful act, liable to some one for damages.

The plaintiff C. W. Sparhawk, the originator of these actions, alleged in his complaint that the personal property which the defendant wrongfully seized and sold to satisfy the said writs belonged to him, and was in his possession, and demanded the damages due to him for this alleged trespass upon his rights.

While such a cause of action as was thus set out by the plaintiff Sparhawk was not assignable (*The Code,* § 177), the rights of the defendant were not prejudiced by allowing one to become a party plaintiff who claimed that whatever sum should be recovered by the original plaintiff should be paid to him because of an agreement to that effect made between him and that plaintiff. If the latter did not object to his presence in the action the defendant should not be allowed to do so, for his defence could in nowise be affected by what

had occurred between them after the alleged causes of action against him accrued.

The issues submitted to the jury by his Honor without objection, and the responses thereto, are as follows:

Issues as to first cause of action:

"1. Was the plaintiff Sparhawk, at the date of levy and sale, September 17 and September 28, 1891, the owner of the lumber levied on and sold by the defendant Sheriff, under the executions mentioned in the third paragraph of plaintiff's first alleged cause of action? Yes.

"2. If so, what damage has plaintiff sustained? $565, with interest from date of sale."

Issues as to second cause of action:

"1. Was plaintiff Sparhawk, at the date of levy and sale, September 28 and October 26, 1891, the owner of the lumber levied on and sold by the defendant Sheriff, under the executions mentioned in the first paragraph of plaintiff's second alleged cause of action? Yes.

"2. If so, what damage has plaintiff sustained thereby? $600, with interest from date of sale.

"3. Has plaintiff Sparhawk, since the commencement of this action sold, and for value transferred his claim for damages to the plaintiff Leavering? Yes."

The third issue was one that concerned only the plaintiff Sparhawk and his associate Leavering, and we need give it no further consideration.

There seems to have been no dispute between the parties as to the proper measure of damages, in case it was found that the seizing of the property by defendant was a trespass upon the rights of the plaintiff Sparhawk, and there was no exception taken to evidence or to the charge, so far as related to the damages, in the event the jury should find issue numbered 1 in favor of the plaintiff.

We have, therefore, to consider the exceptions taken by defendant to the admission of evidence and to the charge of

his Honor as relating solely to the question, " Was the plaintiff Sparhawk the owner of the lumber sold by defendant Sheriff at the date of the levy and sale ? "  We will pass upon these questions without regard to the order in which they appear to have been taken in the case on appeal.

The plaintiff offered in evidence a bill of sale from H. W. Steinhelper to W. A. Leavering, dated May 5, 1891, for 2,367,741 feet of lumber.  H. W. Steinhelper, a witness for the plaintiff, testified that he signed the bill of sale; that it was written and signed in the city of Philadelphia, and was witnessed by John Warner and G. A. Leinan, who signed the same as subscribing witnesses.  The defendant objected to the introduction of this bill of sale, on the ground that the same could only be proved by the subscribing witnesses. This objection was overruled, and the defendant excepted.

Inasmuch as the defendant in his answer justified his seizure of the lumber by the allegation that he had levied on it as the property of H. W. Steinhelper, it was of course competent for the plaintiff to show by Steinhelper himself that he did not own it at the time of the levy.  The very best evidence that Steinhelper had sold it to Leavering before that time was the bill of sale made and signed by him.  It is very clear that his acknowledgment of the execution of this writing was competent to go to the jury as evidence that he had sold the lumber to Leavering at its date, and had also delivered it into his possession.  This exception cannot be sustained.

2. Having thus produced evidence tending to show that Steinhelper had sold the lumber to Leavering before the date of the seizure of it by the defendant, and having theretofore, without objection, introduced a deed of assignment from Leavering to him (Sparhawk) conveying to him all his " property of every kind, real, personal and mixed," dated after the sale from Steinhelper to Leavering, but before the levy by defendant, the plaintiff Sparhawk had furnished evidence

which, if believed by the jury, established the affirmative of the issue numbered 1. The fact that, after the commencement of these actions by Sparhawk, he assigned his interest to Leavering could have no bearing on these issues, and could affect only the finding of Issue No. 3, and that issue, as we have said, did not concern the defendant. *His* objection to evidence addressed solely to that issue was properly overruled, as it could not affect his liability. Hence, there was no evidence in overruling *his* objection to the introduction of the reassignment from Sparhawk to Leavering.

3. The plaintiff further offered a lease made on the 5th of May, 1891, by Steinhelper to Leavering of the mill yard for five years at the rent of $100 per year; said lease had not been registered, and defendant objected to its introduction as evidence. The Court took a recess, and when it met again the lease had been registered upon the acknowledgment of its execution by the parties thereto. The Court thereupon overruled the defendant's objection and admitted the lease to be read in evidence, and defendant excepted. The lease was offered for the purpose of showing that the land was leased by Steinhelper to Leavering, and that Leavering was in possession of the land where the lumber was delivered.

This lease, whether registered or not, was competent evidence, its execution being proved or admitted, to show that the place where the lumber was stored was in the possession of Leavering when the latter acquired the title to the lumber from Steinhelper, as alleged. The fact that such a lease was made was pertinent to the controverted fact, to-wit, the possession of the lumber by Sparhawk, who claimed it as the assignee of Leavering.

4. Exceptions relating to the charge to the jury:

(1) The defendant asked the Court to charge the jury that Sparhawk's trust not having been registered in this county until October 2, 1891, he did not have such title on Septem-

ber 27, 1891, as would sustain this action. The Court declined, remarking that Sparhawk claimed the property by reason of his possession. Defendant excepted.

We do not think that, for Sparhawk's purposes in this action, it was necessary that the assignment of the lumber from Leavering to him should have been registered. This is not a contest between creditors of Leavering and his assignee, but between that assignee and the defendant, whose act in seizing the lumber was wrongful, unless it was the property of Steinhelper, the judgment debtor. This assignment was valid *inter partes* without registration, as they conceded. Its effect in this action was merely to show that the act of the defendant, if wrongful, was a trespass on the rights of Leavering's assignee, and not on the rights of Leavering himself.

(2) Defendant asked the Court to tell the jury that, suit having been commenced in October, 1891, the deed from Sparhawk to Leavering of December 19, 1891, did not pass to Leavering any title to this suit or right to prosecute this action. The Court declined, and the defendant excepted.

This request was properly denied. It contained a correct statement of a proposition of law, but it was not pertinent to the issues submitted to the jury.

(3) The third request was, that unless Leavering on the 11th of August, 1891, had title and possession, the trust deed of that date did not pass to Sparhawk such title as could support this action. The Court gave this instruction, but told the jury, in the course of the charge, that Sparhawk must prove ownership of the lumber levied on and sold at the date of levy and sale, and that he claimed title through Leavering, and that if Leavering was not the owner at the date of the assignment to Sparhawk, no title passed to Sparhawk under said deed. Defendant excepted because the Court did not give the charge in the language requested.

It is not required that the instruction asked for should be given in the language used. It is sufficient if the substance is given.

(4) Defendant's fourth request was that Leavering having attempted to show title to May 5, 1891, for such lumber as was then on the yard, and having allowed other lumber made after that time to be mixed with it or placed on the same yard, and not having proved that the lumber levied on was part of the lumber that was on the yard on May 5, 1891, then he cannot recover. The Court gave this charge, but modified it as follows: " That Leavering having attempted to show title to May 5, 1891, for such lumber as was then on the yard, and having allowed other lumber made after that time to be mixed with it or placed on the same yard, he cannot recover unless he has proved that the lumber levied on was part of the lumber that was on the yard on May 5, 1891, or that he was the owner of all the lumber on the yard." Defendant excepted, insisting that there was no testimony tending to show that the lumber levied on was on the yard May 5, 1891.

This exception was not urged on the argument before us. The question at issue was: Who owned the lumber at the time it was seized? Who was in possession of it? There was evidence that Leavering had bought from Steinhelper all the lumber on the yard on May 5, 1891, and had then leased the land where it was piled. It was further in evidence that all the lumber subsequently put upon that yard by Steinhelper was put there by Leavering, and into his possession. Leavering himself testified that the lumber levied on was Sparhawk's; that he had assigned it to him.

(5) Defendant's fifth request was that the deed of trust from Leavering to Sparhawk was too indefinite in its description of the property conveyed to include this lumber in Cumberland County, N. C. The Court declined to give this instruction, and the defendant excepted.

The description in the deed referred to—"All the real estate, and also all the goods, chattels and effects, and property of every kind, real, personal and mixed of the said William A·

Leavering "—is as comprehentive as it could be made. We see no error here.

Having thus disposed of the defendant's exceptions, we conclude that no incompetent evidence was admitted, and no error was commited in the charge, and therefore that the fact is properly established by the finding of the jury that the plaintiff Sparhawk was the owner of the lumber levied on and sold by defendant Sheriff. That being true, the plaintiff Sparhawk was entitled to damages. The jury found the amount of such damages, and there was no exception relating to that matter. The third issue did not concern the appellant.

No Error.