MRS. ELIZA J. MITCHELL v. JOHN R. SIMS, Sheriff of Person County.

(Decided April 11, 1899).

*Evidence—Claim and Delivery—Attachment—The Code, Section 322.*

1. Under section 322 of The Code there is no limitation or restriction put upon a plaintiff who seeks to recover personal property and have the same immediately delivered to him, except that the same has not been taken for tax, assessment or fines pursuant to a statute, or seized under an execution or attachment against the property of plaintiff, or if so seized, it is by statute exempt from such seizure.

2. As between a judgment creditor and the defendant, the latter will not be allowed to obstruct the execution by writ of replevin—but in the case of a third person, the right of property is an open question, and there can be no reason why a third party, alleging ownership, should not have the same remedy against one wrongdoer as against another.

3. In the law regulating attachments under The Code, the creditor has no right to seize property in the hands of an officer under process of the Court, or to take it out of the possession of such officer, as is given to claimants for the recovery of personal property under the provisions of The Code in claim and delivery proceedings.

4. Declarations of a husband, in possession of personal property, as to the right of his wife thereto, is competent evidence in a controversy between her and a party claiming under him.

CLAIM AND DELIVERY proceedings for a mule, tried before *Timberlake, J.,* at August Term, 1898, of PERSON Superior Court.

It was in evidence that the plaintiff was the owner of a horse, which her husband, now dead, swapped off for the mule in controversy just before he left the State. Along with the horse

he traded some articles of property of his own for the mule, and got $40 to boot. Upon hearing of the trade, after her husband left, plaintiff ratified the trade and claimed the mule. His creditors attached the mule after he left, and this action was brought by her for its recovery from the Sheriff, in whose custody it was, and she got possession. On the trial plaintiff offered to prove by the party who traded the mule to her husband, that her husband directed him to deliver the mule to her, unless he could sell it for 60, and if he could, to pay her the money. Upon objection by defendant his Honor excluded the evidence. Plaintiff excepted.

The defendant claimed the mule under the attachment until taken from him by plaintiff, under claim and delivery proceedings in this action, and he insisted that this action could not be maintained against him for the reason that when seized by the plaintiff the mule was *in custodia legis.*

His Honor adjudged that this action could not be maintained, rendered judgment against the plaintiff, and restored the mule to defendant. The plaintiff excepted and appealed.

*Messrs. Kitchen & Kitchen* and *J. W. Graham,* for plaintiff (appellant).
*Messrs. Boone & Bryant,* for defendant.

MONTGOMERY, J. The husband of the plaintiff, after he had left his home and was on the eve of leaving the State, exchanged a horse, and some other personal property admitted to be his own, with Satterfield and Lunsford, for a mule and $40 to boot. The mule was levied on by the defendant as Sheriff of Person County under attachment proceedings sued out by the creditors of the husband. Afterwards this action was begun by the plaintiff against the defendant for the recovery of the mule, she alleging that the same was her prop-

MITCHELL *v.* SIMS.

erty. On the trial she testified that the horse was her property, and that when she heard of the trade by the husband with Satterfield and Lunsford, she notified them and claimed the mule. She offered to prove by both Satterfield and Lunsford that at the time of the exchange the husband directed them to send the mule to the plaintiff unless it could be sold for $60, and in that case to send the $60 to the plaintiff. His Honor refused to admit the evidence. We think it competent and that it should have been received. The husband was in possession of the property, and what he said at the time of the exchange was some evidence that the plaintiff had some right or interest in the property and was entitled to the possession of it. The defendant in his answer averred that he had held the mule under the levy of attachment until it was taken from him by the plaintiff under the proceedings in this action, and he insisted that this action could not be maintained by the plaintiff, for the reason that at the time when it was seized by the plaintiff it was *in custodia legis*. This case, then, presents again for consideration the construction of the chapter of The Code (Claim and Delivery of Personal Property) in respect to the cases that come within its operation.

In the case of *Jones v. Ward,* 77 N. C., 337, this Court held that the words of the statute, The Code, section 322, were as broad as they well could be, and included any case that could be imagined, with the specified exceptions in subdivision 4 of that section. In that case there had been a levy upon personal property by a Constable, and he had taken the same under an execution properly issued to him. The plaintiff, not the judgment debtor in the execution, instituted against the Constable an action for the possession of the property levied upon, and sought and had the immediate delivery of it to him. This Court held that the action could be main-

tained; that the statute would be a prohibition against a
debtor in an execution whose property had been seized under
execution, from claiming the same by a suit for its recovery
against the officer who had made the levy, but that a third per-
son would have the right to do so. In the case of creditor
and debtor, the Court said in that case: "The creditor has
established his right to the debt by judgment, and the defend-
ant is not allowed to obstruct the execution by writ of reple-
vin." In the case of a third person, the Court said: "The
right to the property is an open question, and there can be
no reason why a third party, alleging ownership, should not
have the same remedy against one wrongdoer as against an-
other." The Court further said on this point, in that case,
that that part of the affidavit which the plaintiff was required
to make, viz.: "That the property was not seized under an
execution or attachment against the property of the plaintiff,
or, if so seized, that it is exempt by statute," applies to an
action by the defendant in an execution, and leaves the case
of a third person to come under its broad terms.

The case of *McLeod v. Oates,* 30 N. C., 387, seems to be at
variance with the case of *Jones v. Ward,* supra, but when
carefully examined it will be found not to be so. In *McLeod
v. Oates* the action was brought under Chapter 111 of the Re-
vised Statutes, having been for the replevy of a slave levied
on by a Constable under execution, and the Court said that
"the old authorities all agree that goods taken in execution
from a Court of Record are not repleviable" and held to that
view of the law. But the Court said in *Jones v. Ward,* that
the case of *McLeod v. Oates* was not an authority on the con-
struction of The Code of Civil Procedure, "which professed
to establish a new order of things, and must be judged of by
its own language." The language of the Revised Statutes,
Chapter 101, in reference to the scope of the remedy therein

provided, was, "that writs of replevin for slaves shall be held and deemed to be sustainable against persons in possession of such slaves in all cases where actions of detinue or trover were now proper." The remedy there was restricted to cases where the action of detinue or trover was proper, and, as the law was then understood, those actions did not apply where the property was in the hands of an officer under the process of the Courts. But under section 322 of The Code there is no limitation or restriction put upon the plaintiff, who seeks to recover personal property and have the same immediately delivered to him, except that the same has not been taken for tax, assessment or fines pursuant to a statute, or seized under an execution or attachment against the property of the plaintiff, or, if seized, that it is by statute exempt from such seizure. The language of The Code is immensely broader in its scope than the language of the Revised Statutes on the subject in hand.

The case before the Court does not conflict with what was decided in *Williamson v. Neally,* 119 N. C., 339. In that case the Sheriff, who already held the property under an order made in claim and delivery proceedings, undertook to levy upon it under a warrant of attachment in favor of a creditor against the defendant in the claim and delivery proceedings. The Court held that the levy under the attachment was invalid because by such a proceeding the process in the claim and delivery proceeding could not be interfered with, and that the property had to be delivered to the claimant under the order of the Court to that effect. In other words, in actions for the recovery of personal property when the immediate delivery of the property is sought, the broad language of the statute gives the right to the claimant, upon his executing the bond required by law, to take the property from the possession of any

MITCHELL *v.* SIMS.

person, even from an officer of the law, unless it has been taken for tax, assessment or fine pursuant to a statute, or seized under an execution or attachment against the property of the plaintiff. . . . even though such a course results in the obstruction of the process of the Courts to the extent of having tried the title to personal property claimed by a third person, where the same has been levied upon or seized under execution or attachment not against the property of the plaintiff. But in the law regulating attachments under The Code, the creditor has no right or privilege given to him to seize property in the hands of an officer under the process of the Courts, or to take it out of the hands of such officer, as is given to claimants for the recovery of personal property under the provisions of The Code.

There was error in the trial below, for which there must be a new trial.