MARTIN v. BUFFALOE.

(Filed May 23, 1901.)

1 EXECUTION—*Indemnity Bond—Surety—Wrongful Levy—Sheriff—Process—Trespass.*

Where a sheriff commits a trespass in seizing property not subject to his process, the claimant may elect to sue either on his official bond or the bond of indemnity.

2. EXECUTION—*Indemnity Bond—Surety—Trespass.*

A sheriff can not relieve the sureties on an indemnity bond from liability to the endamaged party for the wrongful levy of an execution.

3. NOTICE—*Sheriffs—Indemnity Bond—Surety—The Code, Sec. 597—Trespass—Writing.*

Notice to sureties on an indemnity bond that the sheriff has been sued for the wrongful levy of an execution need not be in writing.

128——20

4. JUDGMENT—*Estoppel—Res judicata—Trespass.*

An unsatisfied judgment against one trespasser is no bar to a suit against another for the same trespass.

5. ASSIGNMENT FOR BENEFIT OF CREDITORS—*Schedule of Preferred Debts—Justices of the Peace—Oath—Affirmation—Trespass.*

Where the schedule of preferred debts is affirmed to before a justice of the peace, who is one of the trustees in the deed of assignment, the assignment is void.

6. FORMER ADJUDICATION—*Res judicata—Trespass.*

A point decided in a suit against one trespasser is not *res judicata* as to the same point in an action against a co-trespasser.

7. EVIDENCE—*Presumptions—Principal—Surety—The Code, Sec. 1345—Sheriff.*

In an action in tort on an indemnity bond, a judgment against a sheriff for trespass is not presumptive evidence against the surety.

ACTION by B. F. Martin and J. O. Flythe against W. H. Buffaloe, M. L. T. Davis, J. M. Flythe and E. P. Buxton, executors of S. N. Buxton, heard by Judge *W. A. Hoke* and a jury, at Spring Term, 1899, of the Superior Court of NORTHAMPTON County. From a judgment for the plaintiffs, the defendants appealed.

*Day & Bell,* and *Alexander Stronach,* for the plaintiffs.
*R. B. Peebles,* for the defendants.

CLARK, J. The principle applying to actions against obligors upon indemnifying bonds is thus stated in Murfree on Sheriffs, section 634: "The genral rule is that when a Sheriff has committed a trespass in seizing property not subject to

his process, the claimant may proceed against him and his sureties on his official bond, or against the obligors on his bond of indemnity, if he has taken one, the latter being regarded as a cumulative security and the plaintiff (in the execution) and his sureties having rendered themselves liable as co-trespassers by its execution * * *. The claimant may, at his election, proceed against the Sheriff and his sureties on his official bond, or bring suit against him and the obligors in his indemnity bond, who can properly be made defendants, because by the execution of the bond they ratify the acts of the Sheriff and become joint wrong-doers with the officer. It is well settled that all persons who contribute to the commission of a trespass, or after the same has been committed for their benefit assent to it, are responsible as principals and each liable to the extent of the injury. Hence the obligor in an indemnity bond may be held a co-trespasser with the officer who acted under it." The authorities cited in the notes thereto sustain the proposition that the liability of the signers of the indemnity bond to the Sheriff is, by virtue of the contract of indemnity, but their liability to him whose property is wrongfully sold is in tort by reason of their being co-trespassers with the Sheriff. *Lesher v. Gatman,* 30 Minn., at page 328; *Davis v. Newkirk,* 5 Denio, 92; *Herring v. Hoppock,* 15 N. Y., 409; *Knight v. Nelson,* 117 Mass., 458; *Screws v. Watson,* 48 Ala., 628; *Lewis v. Johns,* 34 Cal., 629; *Lovejoy v. Murray,* 70 U. S. (1 Wall.), 1; *Luebbering v. Oberkoetter,* 1 Mo. App., 393; *Allred v. Bray,* 41 Mo., 487, and there are many others.

The sureties on the indemnity bond being liable as co-trespassers, the Sheriff could not by a covenant not to sue exempt any one of them from liability to the plaintiffs. He could only release them from liability on their contract of indemnity to himself.

The question of liability for personal property exemption

does not arise, as the plaintiffs seek payment only for the goods actually sold.

"When a statute requires notice to be given, it must be in writing, etc., and served in the manner required by The Code, section 597." *Allen v. Strickland,* 100 N. C., 225; *Turner v. Holden,* 109 N. C., 182. But that has no application to the notification given by the Sheriff to the surety on the bond of indemnity that he (the Sheriff) has been sued. This is not a judicial notice required by any statute, and therefore required to be in writing and served by an officer, but it is a notification—a conveyance of information— which could be made orally, or by mail, or in any other method that would give to the surety the knowledge that the officer is sued. *Robbins v. Chicago,* 71 U. S. (4 Wall.), 657. This would be true even in an action by the Sheriff on the indemnity bond, and in any event it does not affect the plaintiffs, who, having sued one trespasser and recovered nothing by execution, are not estopped from suing the others because they might have had no notice of the first action. A judgment against one trespasser is no bar to a suit against another for the same trespass. Nothing short of the satisfaction of the judgment can have that effect. *Lovejoy v. Murray,* 70 U. S. (3 Wall.), 1; *Elliott v. Hayden,* 104 Mass., 180.

The defendants insist, however, that there was error in the instruction to the jury that if they believe the evidence to answer the issue "Yes," because it appears in evidence that the schedule of preferred debts was affirmed to before B. F. Martin, a Justice of the Peace, who was one of the trustees in the assignment. *Long v. Crews,* 113 N. C., 257; *Blanton v. Bostic,* 126 N. C., 418; *McAllister v. Purcell,* 124 N. C., 262. That being invalid, the assignment under which plaintiffs claim was void. *Bank v. Gilmer,* 116 N. C., 684; S. C., 117 N. C., 416; *Cooper v. McKinnon,* 122 N. C., 447. This exception is well taken, for the schedule is

an essential, and indeed an indispensable part of the assignment. The plaintiffs insist, however, that this point was held otherwise in their former action against Buffaloe, 121 N. C., 34, but a reference to the decision shows that the point was not passed on; and if it had been, it would not have been *res judicata* in this action against co-trespassers, but would have the weight only of a legal precedent.

The rule that the judgment against the principal in an official or fiduciary bond is presumptive evidence against the sureties (Code, section 1345; *Moore v. Alexander,* 96 N. C., 34; *McNeill v. Currie,* 117 N. C., 341) does not apply, as this is not an action on the bond, but in tort.