MICA INDUSTRIES, INC. v. L. ¦S. PENLAND and J. HARRY THOMAS,
SHERIFF OF MACON COUNTY, N. C.

(Filed 25 February, 1959.)

**1. Execution § 1—**

Only the property of the judgment debtor may be levied on and sold under execution, and a levy on property of a person other than the judgment debtor constitutes a trespass. G.S. 1-315.

**2. Execution § 7—**

The owner of property seized by an officer under execution against another may maintain an action against the officer seizing the property to recover possession, and may recover in such action damages, if any, sustained on account of the wrongful seizure and detention of its property.

**3. Trover and Conversion § 1—**

The owner of personalty may maintain an action to recover its possession against a person wrongfully seizing it, and may also, even by amendment, assert a cause of action to recover damages sustained on account of the wrongful seizure and detention of the property. G.S. 1-230.

**4. Execution § 7—**

The judgment creditor, nothing else appearing, is not liable on account of the sheriff's wrongful seizure and detention of property not belonging to the judgment debtor, but if he induces the sheriff to wrongfully seize the property of a stranger, he is equally liable with the sheriff for damages sustained by the owner of the property on account thereof.

**5. Pleadings § 22—**

Where no statute of limitations is involved, it is permissible to allow a plaintiff to introduce a new cause of action by way of amendment if the facts constituting the new cause of action arise out of or are connected with the transactions upon which the original complaint is based. G.S. 1-163.

**6. Corporations § 25—**

Allegations in the complaint to the effect that plaintiff corporation's charter was temporarily suspended less than a year prior to the institution of the action, do not disclose that the corporation did not have legal capacity to institute the action. G.S. 105-230, G.S. 55-114(4).

**7. Pleadings § 15—**

A demurrer admits the facts properly pleaded solely for the purpose of passing on the demurrer.

APPEAL by plaintiff from *Sink, Emergency J.,* August Special Term, 1958, of MACON.

Civil action instituted March 15, 1958, to recover (1) described articles of personal property, and (2) damages on account of alleged wrongful seizure and detention thereof, heard below on demurrer to amended complaint.

Plaintiff, in its original complaint. alleged, *inter alia*, these facts:

Plaintiff has been (since its purchase thereof in 1954) and is now the owner of said personalty and entitled to the immediate possession thereof. Purporting to act under an execution issued to satisfy a judgment rendered in an action entitled *"Lawrence S. Penland, Employee, Plaintiff, v. Minerals Processing Company, Employer, Defendant,"* defendant sheriff wrongfully (1) levied on and took possession of said personalty, (2) refused to surrender possession thereof to plaintiff upon its demand therefor, and (3) advertised an execution sale thereof. Defendant Penland wrongfully informed defendant sheriff that said personalty belonged to Minerals Processing Company, the judgment debtor, and directed defendant sheriff to levy thereon. Minerals Processing Company does not and never did own said personalty.

Plaintiff then prayed that defendants be restrained from selling said personalty, that defendant sheriff be required to hold said personalty "until the further orders of the Court," and "for such other and further relief as the Court may deem just and proper."

A temporary restraining order issued March 15, 1958, was, by consent order of April 21, 1958, continued in full force and effect until the final hearing.

Defendants demurred in writing to said original complaint on the ground that plaintiff's remedy, if any, was by "intervention" in the cause in which the judgment was rendered and not by independent action.

On June 9, 1958, Judge Campbell overruled defendants' said written demurrer. Whereupon, defendants demurred *ore tenus* "on the ground that the Complaint does not state a cause of action." Judge Campbell sustained the demurrer *ore tenus* and granted leave to plaintiff to amend its complaint.

In its amendment to complaint, plaintiff, after adopting without modification all of its original allegations, alleged (1) that it was and had been the *sole* owner of said personalty, (2) that said personalty had deteriorated and depreciated in value while in the wrongful possession of defendants, and (3) that it would suffer irreparable damages if the sale were not restrained. Except as indicated, the amendment reiterates and amplifies allegations of the original complaint.

Plaintiff then prayed, *inter alia*, that it be adjudged the owner and entitled to the immediate possession of said personalty, and that it recover $500.00 damages on account of the deterioration thereof while in the wrongful possession of defendants.

Defendants demurred to the amended complaint, specifying as grounds of objection the following:

"(1) That it appears from the face of the complaint that Mica Industries, Inc., the plaintiff herein, did not at the time this action was instituted on the 15th day of March, 1958, and does not now have the legal capacity to sue; that it was not at said time, and is not now, a valid and legally existing corporation.

"(2) That it appears from the amendment to the complaint as filed on the 25th day of June, 1958, that a new, separate and distinct cause of action has been attempted to be set up against the defendants, which attempted new cause of action substantially changes the plaintiff's alleged claim.

"(3) That the complaint as amended does not state a cause of action."

Judge Sink's judgment, after recitals, provides: "After reading the pleadings, it is ordered by the Court that the demurrer be sustained."

Plaintiff excepted and appealed.

*Jones & Jones and Ward & Bennett for plaintiff, appellant.*
*Marcellus Buchanan and J. H. Stockton for defendants, appellees.*

BOBBITT, J.   The only question presented is whether the court erred in sustaining the demurrer to amended complaint. (The judgment did not dissolve the restraining order, nor did it dismiss the action.)

Plaintiff does not attack the judgment or the execution. But the judgment is against Minerals Processing Company, not against plaintiff; and the execution authorizes the sheriff to levy on and to sell property of Minerals Processing Company, not property of plaintiff.

Only property of the judgment debtor may be levied on and sold under execution. G.S. 1-315. A levy made on property of a person other than the judgment debtor constitutes a trespass. 33 C.J.S., Executions § 453; 21 Am. Jur., Executions § 138.

If, as alleged, the sheriff wrongfully levied on, took possession of and refused to surrender property owned solely by plaintiff, what legal remedies were available to plaintiff?

1. Plaintiff was entitled to recover its property from the person or persons in wrongful possession thereof; and, in an action therefor, the ancillary remedy of claim and delivery, G.S. 1-472 *et seq.*, was available. *Jones v. Ward,* 77 N.C. 337; *Churchill v. Lee,* 77 N.C. 341; *Mitchell v. Sims,* 124 N.C. 411, 32 S.E. 735; *Bowen v. King,* 146 N.C. 385, 392, 59 S.E. 1044.

In *Jones v. Ward, supra,* the basis of decision is well stated in the

headnote as follows: "An action for claim and delivery of personal property can be maintained by the owner against an officer taking the same under an execution against a third person."

While it did not seek immediate possession under claim and delivery proceedings, it is noted that plaintiff alleged that the property had not been seized under an execution or attachment "against the property of the plaintiff." G.S. 1-473 (4).

2. Plaintiff was entitled to recover damages, if any, sustained by plaintiff on account of the wrongful seizure and detention of its property. *Leavering v. Smith,* 115 N.C. 385, 20 S.E. 446; *Martin v. Buffaloe,* 128 N.C. 305, 38 S.E. 902; *Bowen v. King, supra;* 80 C.J.S., Sheriffs and Constables §§ 146, 147; 47 Am. Jur., Sheriffs, Police and Constables §§ 44, 48.

Moreover, plaintiff was entitled, in a single action, to recover both possession and damages. G.S. 1-230; *Bowen v. King, supra.*

Whether plaintiff, a stranger to Penland's action against Minerals Processing Company, could have intervened therein, is not before us. In this connection, see 33 C.J.S., Executions § 165.

The fact that Penland was the judgment creditor, standing alone, would not impose liability on account of the sheriff's wrongful seizure and detention of plaintiff's property. *Draper v. Buxton,* 90 N.C. 182. However, as stated in 33 C.J.S., Executions § 456: "All persons who have anything to do with the wrongful issuance or levy of an execution, including persons who procure, direct, or assist in the commission of the wrongful act by the officer, are liable to the person injured thereby. Even a stranger or person not a party to the suit who officiously directs an officer in making a wrongful levy, or who accompanies an officer and assists him in the commission of the wrongful act, is equally liable with the officer for the injury sustained." If, as alleged, Penland induced the sheriff to commit the alleged wrongful acts, he is equally liable with the sheriff for damages sustained by plaintiff on account thereof. 21 Am. Jur., Executions § 641; Annotation: 91 A.L.R. 922 *et seq.,* and supplemental decisions.

Upon these legal principles, the amended complaint states facts sufficient to constitute a cause of action.

Defendants' contention that the amended complaint is demurrable because it introduced "a new, separate and distinct cause of action," is without merit.

Whether, strictly speaking, plaintiff, by alleging that it had been damaged by defendants' alleged wrongful acts, thereby introduced a new cause of action, need not be discussed; for, absent the bar of an applicable statute of limitations, it was permissible under G.S.

1-163 to allow plaintiff to introduce a new cause of action by way of amendment if the facts constituting the new cause of action arise out of or are connected with the transactions upon which the original complaint is based. *Stamey v. Membership Corp.*, 249 N.C. 90, 93, 105 S.E. 2d 282; *Perkins v. Langdon*, 233 N.C. 240, 63 S.E. 2d 565. Here, plaintiff's so-called new cause of action is based primarily on the identical facts originally alleged.

Finally, we consider defendants' contention that it appears on the face of the complaint that plaintiff did not on March 15, 1958, have the legal capacity to sue. This contention is directed to the allegations of paragraph 1 of the original complaint, viz.:

"1. That the plaintiff is a corporation duly chartered, organized and existing under the laws of the State of North Carolina, and that while its authority to carry on its regular business as contemplated by its charter was suspended temporarily on the 10th day of December, 1957, this action is instituted in the name of said corporation within two years from the date of its suspension by authority duly given by its directors for the purpose of preserving the assets of said corporation."

While the quoted allegations do not so state, we accept, for present purposes, defendants' contention that it appears therefrom that plaintiff's charter was temporarily suspended by the Secretary of State under G.S. 105-230. Whether plaintiff's charter has been restored as provided in G.S. 105-232 does not appear. We are concerned only with plaintiff's status when this action was commenced.

Upon the present record, we are not disposed to undertake to define precisely the legal effect of a temporary suspension of charter under G.S. 105-230. Suffice to say, we are of the opinion and hold that the facts alleged, considered in the light most favorable to plaintiff, do not disclose that plaintiff did not have the legal capacity on March 15, 1958, to institute and prosecute this action. G.S. 55-114(4), enacted by Ch. 1371, Session Laws of 1955, effective July 1, 1957.

We are not presently concerned with whether plaintiff can establish the facts alleged. For the purpose of testing the sufficiency of the amended complaint, the facts alleged are deemed admitted by the demurrer.

For the reasons stated the judgment sustaining demurrer to amended complaint is reversed.

Reversed.